IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHONNY FERMENAR-MAST | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-3219 |
| | : | |
| J.L. JAMISON, *Warden, Federal Detention* | : | |
| *Center, Philadelphia*, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                           **May 15, 2026**

Petitioner Jhonny Fermenar-Mast brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Fermenar-Mast who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Fermenar-Mast is a citizen of Venezuela who entered the United States at the southern border without inspection on September 1, 2022. Pet. ¶¶ 1, 17, Dkt. No. 1. DHS officers encountered, detained, and released him shortly after he entered the country. *Id.* ¶ 18. He has since established a life in the Reading, Pennsylvania with "a community of friends and a daughter" in addition to gaining lawful employment. *Id.* ¶ 19. In 2023, he submitted an asylum application. *Id.* ¶ 20. On May 7, 2026, Fermenar-Mast attended a check-in Philadelphia where he was arrested by Immigration and Customs Enforcement (ICE) agents. *Id.* ¶ 21. He had previously complied with all conditions placed upon him by DHS. *Id.* ¶ 20. He is currently being detained at the Federal Detention Center in Philadelphia. *Id.* ¶ 22.

On May 12, 2026, Fermenar-Mast filed the instant habeas petition, seeking release on the grounds that his detention pursuant to § 1225(b)(2)(A) violates the plain language of the Immigration

and Nationality Act (INA), the bond regulations thereunder, and his due process rights under the Fifth Amendment.  The Government responded to the petition on May 15, 2026.  It maintains Fermenar-Mast is lawfully detained pursuant to § 1225(b)(2)(A) under a correct interpretation of the statute and that such detention does not violate due process.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others, in this district and elsewhere, have previously resolved against the Government.  The provision in question—§ 1225(b)(2)(A)—states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  In *Ndiaye v. Jamison*, this Court interpreted § 1225(b)(2)(A) to be limited to "noncitizens who are just arriving or have recently arrived in the country."  No. 25-6007, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025).  The Court found this interpretation was supported by the language of the statute—including the phrase "seeking admission," which "connotes some affirmative, present-tense action"—as well as the structure of the INA, longstanding agency practice, the passage of the Laken Riley Act, and the canon of constitutional avoidance.  *Id.* at *5-8.  The Court further held that detention of noncitizens already present in the country is governed by different provision—8 U.S.C. § 1226(a)—which "authorizes discretionary detention with the opportunity for a bond hearing."  *Id.* at *4-5.

The Government acknowledges that all the courts in this district have reached same conclusion this Court reached in *Ndiaye*.  Resp'ts' Opp'n 7, Dkt. No. 4.  Nevertheless, the Government continues to press its contrary interpretation.  The issue is now the subject of a circuit split.  Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an

"applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The Second, Sixth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, __ F.4th __, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026) (finding the Government's use of mandatory detention without bond also violates due process); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, __ F.4th __, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026).[1]

While none of the foregoing appellate authority is binding on this Court, the decisions in *Barbosa da Cunha*, *Lopez Campos*, and *Fidencio Alvarez* align with this Court's analysis in *Ndiaye* and with over 10,000 decisions of over 424 district judges across the nation who, as of May 13, 2026, have also rejected the government's position. Kyle Cheney, *10,000 Rulings: The Courts' Overwhelming Rebuke of Trump's ICE Policies*, Politico (May 13, 2026), https://perma.cc/G72F-UXHE. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Fermenar-Mast] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Under this interpretation, Fermenar-Mast's current detention under § 1225(b)(2)(A) is unlawful. The Court will therefore grant his habeas petition and order his immediate release.

---

[1]    The Third Circuit has not yet addressed the issue presented in this case but will soon have occasion to do so. *See* Resp'ts' Opp'n 7 n.5.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.